IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Diane R. Prigge,<br><br>                    Plaintiff,<br>v.<br><br>Woods Cross Police Department, et al.,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>Case No. 2:16-cv-00140-JNP-BCW<br><br>District Judge Jill Parrish<br><br>Magistrate Judge Brooke Wells |

This case is referred to the undersigned from Judge Parrish under 28 U.S.C. § 636(b)(1)(B).[1] Plaintiff, Ms. Prigge, filed a Complaint against the Woods Cross Police Department and other Defendants on March 28, 2016.[2] Plaintiff moves the court for the appointment of counsel based upon "plaintiff's application to file the matter *in forma pauperis*" which the court has allegedly already approved.[3] As set forth below the court denies the motion.

Plaintiff alleges she was handing out copies of her resume to local businesses around the area when she was "abducted form the Hampton Inn."[4] According to Ms. Prigge, certain Woods Cross police officers showed up at her door and arrested her without a warrant.[5] Ms. Prigge then had to leave behind certain belongings when she left with the police. Ms. Prigge "was not booked, nor finger printed but given food inside a jail cell for two days."[6] Plaintiff alleges she

---

[1] Docket no. 5.

[2] Docket no. 4.

[3] Docket no. 9.

[4] Complaint p. 2.

[5] *Id.* p. 2-4.

[6] *Id.* p. 4.

never received her cell phone back after it went missing.[7]  Plaintiff also makes allegations against a court in New Jersey and Judge Andrea Carter who failed to correctly record Ms. Prigge's daughter's date of birth.[8]

Upon initially filing this case Plaintiff sought leave to proceed *in forma pauperis* (IFP).[9] Approximately one month later, however, Plaintiff paid the filing fee and filed her Complaint.[10] The court never granted Plaintiff IFP status and found her motion for leave to proceed *in forma pauperis* moot because she paid the required filing fee.[11]  In her motion Ms. Prigge relies on her alleged IFP status as a basis for the appointment of counsel.  Because Ms. Prigge is not proceeding under 28 U.S.C. § 1915 as an IFP litigant the court DENIES her motion.

Moreover, as a civil litigant Plaintiff has no constitutional right to counsel.[12]  And, even if Ms. Prigge had IFP status the court would still deny the motion for appointment of counsel.  28 U.S.C. § 1915, which pertains to proceedings as an IFP litigant, provides "[t]he court may request an attorney to represent any person unable to afford counsel."[13]  However, the appointment of counsel under this statute is within the discretion of the court.[14]  "The burden is upon the applicant requesting counsel to convince the court that there is sufficient merit to his [or her] claim to warrant the appointment of counsel."[15]  When deciding whether to appoint counsel, a court should consider a variety of factors, "including 'the merits of the litigant's claims, the

---

[7] *Id.* p. 5.

[8] *Id.* p. 6.

[9] Docket no. 1.

[10] Docket no. 4.

[11] Docket no. 6.

[12] *See Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989)(citing *Bethea v. Crouse,* 417 F.2d 504, 505 (10th Cir. 1969)).

[13] 28 U.S.C. § 1915(e)(1).

[14] *See  McCarthy v. Weinberg,* 753 F.2d 836, 838 (10th Cir. 1985).

[15] *Id.* (citing *U.S. v. Masters,* 484 F.2d 1251, 1253 (10th Cir. 1973).

nature of the factual issues raised in the claims, the litigant's ability to present his [or her] claims, and the complexity of the legal issues raised by those claims.'"[16]

Here, the court finds Plaintiff has failed to meet her burden for the appointment of counsel under the IFP statute. The merits of her claims and the complexity of the legal issues raised by them do not warrant the appointment of counsel and Ms. Prigge appears sufficiently capable to present her claims.

Ms. Prigge's Motion for the Appointment of Counsel is therefore DENIED.

DATED this 27 April 2016.

*(signature)*

Brooke C. Wells
United States Magistrate Judge

---

[16] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)(quoting *Williams v.* Meese, 926 F.2d 994, 996 (10th Cir. 1991).