IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Diane R. Prigge,<br><br>                        Plaintiff,<br><br>v.<br><br>Woods Cross Police Department, et al.,<br><br>                        Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR CONSULTATION<br><br>Case No. 2:16-cv-00140-JNP-BCW<br><br>District Judge Jill Parrish<br><br>Magistrate Judge Brooke Wells |

      This case is referred to the undersigned from Judge Parrish in accordance with 28 U.S.C. § 636(b)(1)(B).[1]  Plaintiff, Ms. Prigge, filed a Complaint against the Woods Cross Police Department and other Defendants on March 28, 2016.[2]  Plaintiff alleges she was handing out copies of her resume to local businesses around the area when she was "abducted form the Hampton Inn."[3]  According to Ms. Prigge, certain Woods Cross police officers showed up at her door and arrested her without a warrant.[4]  Ms. Prigge then had to leave behind certain belongings when she left with the police.  Ms. Prigge "was not booked, nor finger printed but given food inside a jail cell for two days."[5]  Plaintiff alleges she never received her cell phone back after it went missing.[6]  Plaintiff also makes allegations against a court in New Jersey and Judge Andrea Carter who failed to correctly record Ms. Prigge's daughter's date of birth.[7]

---

[1] Docket no. 5.

[2] Docket no. 4.

[3] Complaint p. 2.

[4] *Id.* p. 2-4.

[5] *Id.* p. 4.

[6] *Id.* p. 5.

[7] *Id.* p. 6.

Plaintiff has filed a document that states she "requests in this motion for consultation as this matter is more complex than meet the eye."[8] The court construes this document as a Motion for Consultation.[9] In her motion Ms. Prigge goes on to relate her experience in graduating with a degree in paralegal earned in Arizona. She also states that other cases filed by her in Arizona and in New Jersey "have never been heard . . . ."[10] The court has carefully considered Ms. Prigge's motion. It is unclear from the motion, however, what relief she is requesting. In a broad sense it appears she is requesting consultation, but it is unknown with whom she desires a consultation or exactly why such a consultation is necessary. A broad unsupported assertion that the case is "more complex than meets the eye" does not justify a consultation even if it was known with whom Ms. Prigge desires such a consultation.

Accordingly, the court DENIES Ms. Prigge's Motion for Consultation.

DATED this 13 May 2016.

_____
Brooke C. Wells
United States Magistrate Judge

---

[8] Mtn. p. 1, docket no. 12.

[9] Docket no. 12.

[10] *Id.*