# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Diane R. Prigge,<br><br>                      Plaintiff,<br><br>v.<br><br>Woods Cross Police Department, et al.,<br><br>                      Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:16-cv-00140-JNP-BCW<br><br>District Judge Jill Parrish<br><br>Magistrate Judge Brooke Wells |

This case is referred to the undersigned from Judge Parrish under 28 U.S.C. § 636(b)(1)(B).[1] Pending before the court is Defendants' Motion to Dismiss.[2] Defendants Woods Cross Police Department, Officer Matthews, Detective Hoffman, Sergeant Santos, and Chief Butler move to dismiss Plaintiff Diane Prigge's Third Amended Complaint under Rule 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argue Ms. Prigge's Third Amended Complaint "fails to provide Defendants with fair notice of the nature and basis of the claims against them as required by Rule 8(a)(2)."[3] Defendants further argue that the Third Amended Complaint should be dismissed because Defendant "Woods Cross Police Department is not an entity amendable to suit and Ms. Prigge has failed to allege facts that would give rise to a plausible claim against the individual Defendants."[4] The court agrees with Defendants arguments and recommends that the motion be GRANTED.

---

[1] Docket no. 5.

[2] Docket no. 19.

[3] Mtn. p. 1, docket no. 19.

[4] *Id.*

Ms. Prigge, filed a Complaint against the Woods Cross Police Department and other Defendants on March 28, 2016.[5] Plaintiff alleges she was handing out copies of her resume to local businesses around the area when she was "abducted form the Hampton Inn."[6] According to Ms. Prigge, certain Woods Cross police officers showed up at her door and arrested her without a warrant.[7] Ms. Prigge then had to leave behind certain belongings when she left with the police. Ms. Prigge "was not booked, nor finger printed but given food inside a jail cell for two days."[8] Plaintiff alleges she never received her cell phone back after it went missing.[9] Plaintiff also makes allegations against a court in New Jersey and Judge Andrea Carter who failed to correctly record Ms. Prigge's daughter's date of birth.[10]

Defendants filed their Motion to Dismiss on May 26, 2016.[11] Based upon the Local Rules any opposing memorandum from Ms. Prigge was due "within twenty-eight (28) days after service of the motion or within such time as allowed by the court."[12] As of the date of this Report and Recommendation no opposition has been filed and the time to do so has passed.[13] A failure to "respond timely to a motion may result in the court's granting the motion without further notice."[14] Thus, under the Local Rules Ms. Prigge's failure to oppose the motion is an independent basis to grant it.

---

[5] Docket no. 4.

[6] Complaint p. 2.

[7] *Id.* p. 2-4.

[8] *Id.* p. 4.

[9] *Id.* p. 5.

[10] *Id.* p. 6.

[11] Docket no. 17.

[12] DUCiv.R 7-1(b)(3) (2015).

[13] The undersigned afforded Plaintiff additional time than that required under the Local Rules because she is acting *pro se*. As of the date of this Recommendation the court has given Ms. Prigge approximately 48 days to file a responsive pleading.

[14] DUCiv.R 7-1(d).

Defendants move to dismiss Ms. Prigge's Third Amended Complaint under Rule 8 and Rule 12(b)(6).  Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[15]  The Tenth Circuit has noted that "'[c]ontext matters in notice pleading.  Fair notice under Rule 8(a)(2) depends on the type of case.'"[16]  When a plaintiff sues a governmental agency and its employees in their individual capacity fair notice requires "in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state."[17]

Here, Ms. Prigge's Thrid Amended Complaint fails to meet this standard.  It is unclear what involvement individual Defendants have in her alleged abduction.  Simply put, it is impossible to discern from the Complaint what acts are attributable to whom and exactly what each Defendants involvement is in those alleged acts.  Such a pleading fails to meet Rule 8's standards so the undersigned recommends the Motion to Dismiss be GRANTED.

In addition, the undersigned finds Ms. Prigge's Third Amended Complaint should be dismissed under Rule 12(b)(6).  Defendant Woods Cross is an entity that lacks the capacity to be sued.[18]  Further, in order "to withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face."[19]  The mere "metaphysical possibility that some plaintiff could prove some set of facts in support of the

---

[15] Fed. R. Civ. P. 8(a)(2).

[16] *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 2339-40 (3rd Cir. 2008)); *see also Bell Atlantic Corp. v. Twombly et al.* 127 S.Ct. 1955, 1964 (2007).

[17] *Id.*

[18] *See Lindsey v. Thomson*, 275 F. App'x 744, 746 (10th Cir. 2007) (affirming dismissal of § 1983 claims against police departments and county sheriff's department, entities with no apparent legal existence*); Fail v. W. Valley City,* 2006 WL 842910, *2 (D. Utah Mar. 28, 2006) (unpublished, Ex. 35) (dismissing claims against West Valley City Police Department); *Redmond v. Salt Lake City Police Dep't*, 2009 WL 675628, *2-3 (dismissing claims against Salt Lake City Police Department).

[19] *Robbins*, 519 F.3d at 1247.

pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[20]  The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.[21]  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[22]

Ms. Prigge's Third Amended Complaint fails to rise above the speculative level.  The Motion to Dismiss therefore should be granted.  And finally, it is unnecessary to allow Ms. Prigge an additional opportunity to amend her complaint because based on the alleged facts there is no colorable claim against these Defendants.[23]

---

[20] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[21] *Twombly*, 127 S.Ct. at 1965.

[22] *Id.*

[23] *Richardson v. United States*, 468 U.S. 317, 326 (1984) ("A colorable claim, of course, presupposes that there is some possible validity to a claim.").

## RECOMMENDATION

Having thoroughly considered the record, Defendants' motion and Ms. Prigge's Third Amended Complaint, the undersigned RECOMMENDS that Defendants' Motion to Dismiss be GRANTED. The court finds Defendants arguments in support of its motion to dismiss well taken and adopts them.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within 14 days after being served with a copy.[24] Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 13 July 2016.

Brooke C. Wells
United States Magistrate Judge

---

[24] *See* Fed. R. Civ. P. 72(b)(2).